United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-51111
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS JOSE LOZANO-RAMIREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(EP-99-CR-1497-3)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luis Jose Lozano-Ramirez appeals his convictions for conspiracy to possess, and possession, with the intent to distribute more than five kilograms of cocaine. He challenges the sufficiency of the evidence.

Lozano's presence at certain places and times supports the jury's finding that he was a member of the conspiracy. *See **United States v. Turner***, 319 F.3d 716, 721 (5th Cir.)(mere presence will

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not alone support an inference of conspiracy; however, this factor may be considered in finding conspiratorial activity), *cert. denied*, 123 S. Ct. 1939 (2003); **United States v. Paul**, 142 F.3d 836, 840 (5th Cir. 1998) (jury may find participation from defendant's presence when presence would be unreasonable for anyone other than a knowledgeable participant).  In addition, Benjamin Haro, a co-defendant, testified that Lozano and another co-defendant were "working for the bosses" and "in charge".  Because Haro's testimony was not "factually insubstantial or incredible", it is sufficient evidence to support Lozano's conspiracy conviction.  **United States v. Westbrook**, 119 F.3d 1176, 1190 (5th Cir. 1997).  In sum, "a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt".  **United States v. Mendoza**, 226 F.3d 340, 343 (5th Cir. 2000).

Lozano's brief lists the sufficiency of evidence supporting his possession with intent to distribute conviction as an issue on appeal, but he does not discuss the issue in his brief.  Because he has failed to brief this issue, it is abandoned.  *See* FED. R. APP. P. 28 (a)(9)(A); *e.g.,* **Yohey v. Collins**, 985 F.2d 222, 224 (5th Cir. 1993)(failure to specifically brief issue results in its abandonment).

                                                        ***AFFIRMED***